Cory G. Lee, Esq. (SBN 216921)
**THE DOWNEY LAW FIRM** (*Of Counsel*)
9595 Wilshire Blvd., Suite 900
Beverly Hills, CA 90212
Tel:    (610) 324-2848
Fax:    (610) 813-4579
Email: downeyjusticelee@gmail.com

Attorneys for Plaintiff and the proposed Class

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

| | |
|---|---|
| ANDREW HOWELL, on behalf of himself and on behalf of all other similarly situated individuals, <br> Plaintiff, <br><br> v. <br><br> LEPRINO FOODS COMPANY, a Colorado Corporation; LEPRINO FOODS DAIRY PRODUCTS COMPANY, a Colorado Corporation; and DOES 1-50, inclusive, <br> Defendants. | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> 1. **FAILURE TO PAY MINIMUM WAGES;** <br> 2. **FAILURE TO COMPENSATE FOR ALL HOURS WORKED;** <br> 3. **FAILURE TO PAY OVERTIME WAGES;** <br> 4. **FAILURE TO PROVIDE LEGALLY-COMPLIANT MEAL AND REST PERIODS** <br> 5. **UNPAID WAGES AND WAITING TIME PENALTIES;** <br> 6. **FAILURE TO PROPERLY ITEMIZED PAYSTUBS;** <br> 7. **UNLAWFUL DEDUCTIION FROM WAGES;** <br> 8. **VIOLATION OF CALIFORNIA BUSINESSS AND PROFESSIONS CODE;** <br> **DEMAND FOR JURY TRIAL** |

Plaintiff, on behalf of himself and all other similarly situated individuals, upon information and belief and the investigation of counsel, alleges as follows:

## JURISDICTION

1.     This Court has jurisdiction over Plaintiff's and Class Members' claims for unpaid wages and denied meal and rest periods pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d)(2)(A).  Jurisdiction is proper in this Court because alleged damages exceed $5,000,000 and Plaintiff Andrew Howell is a citizen of California while Defendants are incorporated in the state of Colorado.

2.     This Court has diversity jurisdiction over Plaintiffs' and Class Members' claims for unpaid wages and denied meal and rest periods pursuant 28 U.S.C. §1332(a)(1).  Jurisdiction is proper in this Court because alleged damages exceed $75,000 and Plaintiff Andrew Howell is a citizen of California while Defendants are incorporated in the state of Colorado.

3.     Venue as to Defendants is proper in this district and division.  Defendants conduct business, employ Class Members, and have locations in San Joaquin County, and the events complained of occurred in Kings County.

## INTRODUCTION

4.     This is a class action against Leprino Foods Company and Leprino Foods Dairy Products Company, and Does 1-50 (collectively "Leprino" or "Defendants") to challenge their policy and practice of requiring their non-exempt employees to work substantial amounts of time without pay and failing to provide their non-exempt employees with legally compliant meal and rest periods to which they are entitled by law at their Tracy, California plant in California.

5.     Plaintiff and Class Members are non-exempt, hourly employees.  Under Defendants' wage compensation system, Defendants do not pay Plaintiff and Class Members for all required pre- and post-shift work activities that are necessary and integral to their overall employment responsibilities, such as: donning and doffing required sanitary gear ("SG"), walking to production lines, waiting in line to sanitize, and waiting for SG and/or supplies.

CLASS ACTION COMPLAINT

Howell v. Leprino Foods, et al

6.      The time that Defendants require their employees to work without compensation is substantial, and deprives Plaintiff and Class Members of many hours' worth of wages (both straight-time and overtime) per week.  Because Defendants do not count pre shift time spent donning gear in the locker room as work time, Plaintiff and Class Members are not provided the opportunity to take first 30 minutes meal breaks within five hours of the start of actual work activities, nor are they provided the opportunity to take second thirty minute meal breaks within 10 hours of starting integral and indispensable work activities, even on days on which they work in excess of 12 hours.  Likewise, meal breaks are not in fact duty free, as workers must respond to work questions form supervisors during meal breaks, including returning from meal breaks if called upon to do so

7.      Because Plaintiff and Class Members are required to perform numerous work tasks both at the beginning and end of their rest periods, they are not afforded ten minutes of off-duty net rest time per four hours, or major fraction thereof, of work as required by California law.

8.      Plaintiff and class members cannot take a meal or rest break without being relieved or told to take a meal or rest break by supervisory personnel.  Doing so without being relieved or being told to do so could result in a documented warning, up to job termination for job abandonment.

9.      As a result of these violations, Defendants are also liable for various other penalties under the Labor Code, and for violation the Unfair Business Practices Act ("UCL"), Business and Professions Code §§17200, *et seq.*

10.      Plaintiff seeks full compensation on behalf of himself and all others similarly situated for all unpaid wages, unpaid overtime, denied meal and rest periods, and waiting time penalties.  Plaintiff further seeks penalties, on behalf of himself and the proposed California-law Class, for Defendants' violations of the Labor Code and California Industrial Welfare Commission ("IWC") wage orders, as set forth below.  Plaintiff also seeks declaratory and injunctive relief, including restitution, and punitive damages.  Finally, Plaintiff seeks reasonable attorneys' fees and costs under the California Labor Code, California Code of Civil Procedure § 1021.5, and/or other

CLASS ACTION COMPLAINT
Howell v. Leprino Foods, et al

1   applicable law.

2   **PARTIES**

3        11.    Plaintiff, Andrew Howell, had been employed by Defendants, at their Tracy,

4   California facilities, within the statutory period in this case.  Plaintiff is a resident of Stockton,

5   California.

6        12.    Defendant, Leprino Foods Company, is a Colorado corporation, and at all times

7   relevant to this complaint has been, upon information and belief, a food processor in Tracy,

8   California.

9        13.    Defendant, Leprino Foods Dairy Products Company, is a Colorado corporation, and

10   at all times relevant to this complaint has been, upon information and belief, a food processor in

11   Tracy, California.

12        14.    The true names and capacities, whether individual, corporate, associate, or

13   otherwise of Does 1-50, inclusive, are unknown to Plaintiff, who therefore sue the Doe Defendants

14   by fictitious names.  Plaintiff is informed, believes, and thereon alleges that each of these

15   fictitiously-named Defendants is responsible in some manner for the occurrences and Plaintiff's

16   and the Class' damages as herein alleged.  Plaintiff will amend this Complaint to show their true

17   names and capacities when they have been ascertained.

18        15.    At all relevant times, upon information and belief, Defendants have done business

19   under the laws of California, have had places of business in California, including in this judicial

20   district, and have employed Class Members in this judicial district.  At all relevant times,

21   Defendants have exercised control over the wages, hours and/or working conditions of Plaintiffs

22   and Class Members, suffered or permitted Plaintiffs and Class Members to work, and/or engaged

23   Plaintiffs and Class Members, thereby creating a common law employment relationship.

24   Defendants are "persons" as defined in California Labor Code §18 and California Business and

25   Professions Code § 17201.  Defendants are also "employers" as that term is used in the California

26   Labor Code and the IWC's Orders regulating wages, hours and working conditions.

27

28

CLASS ACTION COMPLAINT

Howell v. Leprino Foods, et al

1

**FACTUAL ALLEGATIONS**

2      16.     The policies and practices of Defendants, including failure to pay for all hours

3   worked, the failure to pay overtime wages, failure to afford legally-compliant meal and rest

4   periods, and failure to pay wages upon termination of employment, at all relevant times have been

5   substantially similar for Plaintiff and Class Members.  These illegal pay and break policies apply

6   to all hourly workers regardless of whether or not they were required to don and doff SG as part of

7   their job duties.

8      17.     As to those workers who don and doff SG; pursuant to state and federal regulations

9   and Defendants' own internal policies and procedures, Plaintiff and Class Members are required to

10   wear SG to prevent cross-contamination of the food product manufactured by Defendants.

11   Mandatory SG includes, *inter alia*, plastic aprons, smocks, plastic arm sleeves, plastic and cloth

12   gloves, bump caps, hairnets, earplugs, and other protective equipment and coverings.  The SG is

13   designed to protect the consuming public from illness due to human-borne cross-contaminants that

14   might be passed-on to food product were the required SG not worn.

15      18.     At the beginning of each work day, prior to the start of paid time, Plaintiff and

16   Class Members spend substantial amounts of time, for which they are not compensated, waiting to

17   receive SG, donning their required SG, walking to production lines, and performing other work

18   activities.  As a result of the various work activities which must be performed prior to the start of

19   continually paid time, employees regularly are forced to arrive at the plant well before the start of

20   their shifts and are not credited for all time spent working on behalf of Defendants.

21      19.     Plaintiff and Class Members were not afforded ten-minute rest periods free of work

22   activities because of the amount of mandatory work activities compelled by Defendants' policies,

23   including lengthy walks to rest areas.  Additionally, by policy, Defendants continued to exercise

24   control over Plaintiff and Class Members during rest periods including by prescribing where rest

25   periods maybe taken and what Plaintiff and Class Members must wear during rest periods.

26   Therefore, Plaintiff and Class Members were denied the opportunity to take legally-compliant ten-

27   minute rest periods.

28

20.     Defendants policy uniformly failed to afford Plaintiff and Class Members the opportunity to take legally compliant meal breaks, either as a result of requiring work duties to be performed during the 30 minute unpaid break, such as discussing work activities with supervisory personnel and/or by not offering 30 minute meal breaks within 5 hours of the start of work activities.  Similarly, all hourly workers were required to leave dining areas several minutes prior to the conclusion of their 30-minute meal period in order to allow them sufficient time to walk back to punch-clocks and wait to punch-in.  Defendants continued to exercise control over Plaintiff and Class Members during meal periods.  Therefore, Plaintiff and Class Members were uniformly not provided with the opportunity to take and enjoy legally-compliant, duty free, 30-minute meal periods.

21.     Defendants' meal policy did not afford Plaintiff and Class Members with an opportunity to take a second, off-duty 30-minute meal period on shifts of ten hours or longer within 10 hours of starting integral and indispensable work activities.

22.     At the end of the day – and after the conclusion of paid time by Defendants – Plaintiffs and Class Members also were required to doff and return of their SG to lockers and hampers without the over time pay to which they are entitled under California law.

23.     Defendants' unlawful conduct has been widespread, repeated, and willful throughout their Tracy, California facility.  Defendants knew, or should have known, that their policies and practices have been unlawful and unfair.

**CLASS ACTION ALLEGATIONS**

24.     Plaintiff brings this case as a class action on behalf of himself and all others similarly situated pursuant to California Code of Civil Procedure ("CCP") §382.  The Class that Plaintiff seeks to represent is defined as follows:

> All individuals who are currently employed, or formerly have been employed, as
> nonexempt hourly employees at Defendants' facility in Tracy, California, at any
> time within four years prior to the filing of the original complaint until resolution
> of this action.

25.     Class Members are so numerous that joinder is impracticable.  Although the exact number of Class Members is unknown to Plaintiff, Plaintiff avers, upon information and belief, that the Class includes hundreds, if not thousands, of employees.

26.     This action has been brought and may properly be maintained as a class action under CCP §382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

27.     Questions of law and fact common to the Class include, but are not limited to, the following:

      i.      Whether Defendants, through their policy of requiring their non-exempt hourly employees to perform substantial work prior to the start of paid time, failed to pay Class Members all of the wages they are owed in violation of the California Labor Code;

      ii.     Whether Defendants, through their policy of requiring their non-exempt hourly employees to perform substantial work prior to the start of paid time, failed to pay Class Members all of the overtime wages they are owed in violation of the California Labor Code;

      iii.    Whether Defendants, through their policy of requiring their non-exempt hourly employees to perform substantial work prior to the start of paid time, failed to pay Class Members all of the overtime wages they are owed in violation of Business and Professions Code § 17200 *et seq*.;

      iv.     Whether Defendants, through their policy of requiring their non-exempt hourly employees to perform substantial work prior to the start of paid work time resulted in Plaintiff and Class Members not being afforded their first meal period within 5 hours of the start of work activities and their second meal period within 10 hours of the start of work activities;

      v.      Whether Defendants pay, work and meal- and rest-period policies were in violation of Business and Professions Code § 17200 *et seq*.;

CLASS ACTION COMPLAINT
Howell v. Leprino Foods, et al

vi.  Whether Defendants, through their policy of not affording Plaintiff and Class Members a second 30-minute meal period on shifts of ten hours, or longer, violated the California Labor Code;

vii.  Whether Defendants, through their policy of not affording Plaintiff and Class Members ten minutes of off-duty net rest time per four hours, or major fraction thereof, of work violated the California Labor Code;

viii.  Whether Defendants, through their policy of requiring their non-exempt hourly employees to work in excess of ten hours per day without affording a second 30-minute meal period, failed to afford Class Members with the meal periods to which they are entitled in violation of Business and Professions Code §17200 *et seq.*;

ix.  Whether Defendants, through their policy of requiring their non-exempt hourly employees to work in excess of five hours per day without affording a duty-free 30-minute meal period, failed to afford Class Members with the meal periods to which they are entitled in violation of Business and Professions Code §17200 *et seq.*;

x.  Whether Defendants, through their policy of requiring their non-exempt hourly employees to don and doff SG and sanitize during their rest periods, failed to afford Plaintiff and Class Members the opportunity to take duty-free ten-minute rest periods is in violation of the California Labor Code;

xi.  Whether Defendants, through their policy of requiring their non-exempt hourly employees to perform substantial work during rest periods, violated Business and Professions Code § 17200 *et seq.*;

xii.  Whether Defendants' systemic failure to afford Plaintiff and Class Members legally compliant off-duty meal periods and rest periods was an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code § 17200 *et seq.*;

- 8

xiii. Whether Defendants' policy and practice of failing to pay Class Members all wages due upon the end of their employment violated the California Labor Code;

xiv. Whether Defendants' policy of failing to record all hours worked, and failing to record and compensate non-compliant meal and rest periods, resulted in Plaintiff and Class Members being paid with non-complaint wage statements in violation of the California Labor Code;

xv. Whether Defendants' policy and practice of failing to pay Class Members all wages due upon the end of their employment has been an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code § 17200 *et seq.*

28. Typicality: Plaintiff's claims are typical of the claims of the Class. Defendants' common course of conduct in violation of law as alleged herein has caused Plaintiff and Class Members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

29. Adequacy of Representation: Plaintiff is a member of the Class, does not have any conflicts of interest with other Class Members, and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff and the Class are competent and experienced in litigating large employment class actions, including large minimum-wage and overtime class actions. Plaintiff will fairly and adequately represent and protect the interests of Class Members.

30. Superiority of Class Action: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Class Members. Each Class Member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

**FIRST CAUSE OF ACTION**

**Failure to Pay Minimum Wages**

**(Against All Defendants)**

31.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

32.     During the applicable statute of limitations period through present, Defendants, and each of them, employed Plaintiff and Class Members as nonexempt hourly employees.

33.     During the applicable statute of limitations period through present, Defendants, and each of them, paid Plaintiff and Class Members less than the applicable minimum wage for all hours worked.

34.     Pursuant to Labor Code §§ 510, 558, 1194 and 1198, Wage Order No. 8-2001 and/or other applicable Wage Orders, and 8 CCR §11080, Defendants, and each of them, were obligated to pay Plaintiff and Class Members at least the minimum wage of $8.00 per hour for all hours worked during the applicable statute of limitations period through present.

35.     Pursuant to Labor Code § 1194, Plaintiff and Class Members are entitled to recover unpaid minimum ages, subject to proof at trial, plus interest at the legal rate (Civil Code §§ 3287 and 3289) and attorneys' fees and costs.

36.     Pursuant to Labor Code §1194.2, Plaintiff and Class Members are entitled to recover liquidated damages in the amount of unpaid minimum wages proved at trial plus interest thereon.

37.     Pursuant to Labor Code §558, Defendants, and each of them, are employers and/or persons acting on behalf of an employer, who violated, and who caused to be violated, Labor Code §§ 1194, *et seq.*, Wage Order No. 8 and/or other applicable Wage Orders, and 8 CCR §11080, among other provisions regulating hours and days of work, and are individually subject to civil penalties as follows:  (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; (2) For each subsequent violation, one hundred dollars ($100) for each

- 10 -

1  underpaid employee for each pay period for which the employee was underpaid in addition to an

2  amount sufficient to recover underpaid wages.

3       38.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

4  **SECOND CAUSE OF ACTION**

5  **Failure to Compensate for All Hours Worked**

6  **(Against All Defendants)**

7       39.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

8  forth herein.

9       40.     California Labor Code §204 provides that wages for all work performed must be

10  paid "twice during each calendar month, on days designated in advance by the employer as the

11  regular paydays."

12       41.     Plaintiff and the Class were required by Defendants to work without compensation

13  for work they performed.  Thus, Plaintiff and Class Members were forced to perform work for the

14  benefit of Defendants without compensation.

15       42.     In violation of state law, Defendants knowingly and willfully refused to perform

16  their obligations to provide Plaintiff and the Class with compensation for all time worked as

17  required by California law.  Defendants committed the acts alleged herein knowingly and

18  willfully, with the wrongful and deliberate intention of injuring Plaintiff and the Class, with

19  improper motives amounting to malice, and in conscious disregard of the rights of Plaintiff and the

20  Class.  Plaintiff and the Class are thus entitled to recover nominal, actual, and compensatory

21  damages in amounts according to proof at time of trial.

22       43.     As a proximate result of the aforementioned violations, Plaintiff and the Class have

23  been damaged in an amount according to proof at time of trial.  Pursuant to Labor Code § 218.5

24  and 218.6, Plaintiff and Class Members are entitled to an award of reasonable attorneys' fees and

25  costs and to interest on all due and unpaid wages.

26       44.     Pursuant to Labor Code §558, Defendants, and each of them, are employers and/or

27  persons acting on behalf of an employer, who violated, and who caused to be violated, Labor Code

28

CLASS ACTION COMPLAINT
Howell v. Leprino Foods, et al

§§ 1194, *et seq.*, Wage Order No. 8 and/or other applicable Wage Orders, and 8 CCR §11080, among other provisions regulating hours and days of work, and are individually subject to civil penalties as follows:  (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

45.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## THIRD CAUSE OF ACTION

### Failure to Pay Overtime Wages

### (Against All Defendants)

46.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

47.     California Labor Code §510(a) provides as follows:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

48.     The IWC Wage Order 8-2001(3)(A)(1), 8 Cal. Code Regs. §11080, states:

The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 1/2) times such employee's regular rate of pay for all hours worked over 40

- 12

hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible under [certain] conditions….

49.     California Labor Code §1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

50.     California Labor Code §200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

51.     Defendants' across-the-board policy of requiring Plaintiff and the Class to perform substantial uncompensated work has been unlawful. As a result of this unlawful policy, Plaintiff and Class Members have worked overtime hours for Defendants without being paid overtime premiums in violation of the California Labor Code, IWC wage orders and other applicable law.

52.     Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiff and the Class for all premium wages for overtime work. As a proximate result of the aforementioned violations, Defendants have damaged Plaintiff and the Class in amounts to be determined according to proof at time of trial, but in an amount in excess of the jurisdictional requirements of this Court.

53.     Defendants are liable to Plaintiff and the Class alleged herein for unpaid overtime and civil penalties, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

54.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**

**Failure to Provide Legally-Compliant Meal and Rest Periods**

**(Against All Defendants)**

55.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

- 13

1  forth herein.

2     56.     California Labor Code §§226.7 and 512 and the applicable IWC wage orders

3  require Defendants to provide meal and rest periods to their nonexempt, hourly employees.  Labor

4  Code §§226.7 and 512 and the IWC wage orders prohibit employers from employing an employee

5  for more than five hours without a meal period of not less than 30 minutes, and from employing an

6  employee more than ten hours per day without providing the employee with a second meal period

7  of not less than 30 minutes.  Section 226.7 and the applicable wage orders also require employers

8  to provide employees ten minutes of net rest time per four hours or major fraction thereof of work,

9  and to pay employees their full wages during those rest periods.  Unless the employee is relieved

10  of all duty during the 30-minute meal period and ten-minute rest period, the employee is

11  considered "on duty" and the meal or rest period is counted as time worked under the applicable

12  wage orders.

13     57.     Under §226.7(b) and the applicable wage orders, an employer who fails to provide

14  a required meal period must, as compensation, pay the employee one hour of pay at the

15  employee's regular rate of compensation for each workday that the meal period was not provided.

16  Similarly, an employer must pay an employee denied a required rest period one hour of pay at the

17  employee's regular rate of compensation for each workday that the rest period was not provided.

18     58.     Despite these requirements, Defendants have knowingly and willfully refused to

19  perform their obligations to afford Plaintiff and the Class an opportunity to take an uninterrupted

20  30-minute meal period within 5 hours of having commenced work activities.  Moreover, even after

21  eventually being released for a meal period, Plaintiff and Class Members were still required to

22  work, and thus were never afforded a full, uninterrupted 30-minute meal period.   Additionally,

23  Defendants continued to exercise control over Plaintiff and Class Members during meal and/or

24  rest periods.  Defendants have also failed to pay Plaintiff and the Class one hour of pay for each

25  off-duty meal and/or rest period that they were not afforded.  Defendants' conduct described herein

26  violated California Labor Code §§226.7 and 512, and the applicable wage orders.  Therefore,

27  pursuant to Labor Code §226.7(b), Plaintiff and the Class are entitled to compensation for the

28

CLASS ACTION COMPLAINT

Howell v. Leprino Foods, et al

1  failure to provide meal and rest periods, plus interest, attorneys' fees, expenses and costs of suit.

2  59.     Pursuant to Labor Code §558, Defendants, and each of them, are employers and/or

3  persons acting on behalf of an employer, who violated, and who caused to be violated, Labor Code

4  §§ 1194, *et seq*., Wage Order No. 8 and/or other applicable Wage Orders, and 8 CCR §11080,

5  among other provisions regulating hours and days of work, and are individually subject to civil

6  penalties as follows:  (1) For any initial violation, fifty dollars ($50) for each underpaid employee

7  for each pay period for which the employee was underpaid in addition to an amount sufficient to

8  recover underpaid wages; (2) For each subsequent violation, one hundred dollars ($100) for each

9  underpaid employee for each pay period for which the employee was underpaid in addition to an

10  amount sufficient to recover underpaid wages.

11  60.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

12  **FIFTH CAUSE OF ACTION**

13  **Unpaid Wages and Waiting Time Penalties Pursuant to Labor Code §§201-203**

14  **(Against All Defendants)**

15  61.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

16  forth herein.

17  62.     Labor Code §201 provides:

18     If an employer discharges an employee, the wages earned and unpaid at the
       time of discharge are due and payable immediately.

19

20  63.     Labor Code §202 provides:

21     If an employee not having a written contract for a definite period quits his or her
       employment, his or her wages shall become due and payable not later than 72 hours

22     thereafter, unless the employee has given 72 hours previous notice of his or
       her intention to quit, in which case the employee is entitled to his or her wages at

23     the time of quitting.

24  64.     Labor Code §203 provides, in relevant part:

25

26     If an employer willfully fails to pay, without abatement or reduction, in
       accordance with Sections 201, 201.5, 202, and 205.5, any wages of an

27     employee who is discharged or who quits, the wages of the employee shall
       continue as a penalty from the due date thereof at the same rate until paid or

28

- 15 -

until an action therefore is commenced; but the wages shall not continue for more than 30 days.

65.     Class Members have left their employment with Defendants during the statutory period, at which time Defendants owed them their unpaid wages.  Defendants have willfully refused, and continue to refuse, to pay Class Members all the wages that were due and owing them upon the end of their employment.  As a result of Defendants' actions, the Class has suffered and continues to suffer substantial losses, including lost earnings and interest.

66.     Defendants' willful failure to pay Class Members the wages due and owing them constitutes a violation of Labor Code §§201-202.  As a result, Defendants are liable to Plaintiff and Class Members for all penalties owing pursuant to Labor Code §§201-203.

67.     Additionally, §203 provides that an employee's wages will continue as a penalty up to thirty (30) days from the time the wages were due.  Therefore, the Class is entitled to penalties pursuant to Labor Code §203, plus interest.

68.     Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

69.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**SIXTH CAUSE OF ACTION**

**California Wage Statement Class for Failure to Properly Itemize Pay Stubs**

**in Violation of California Labor Code §§226(a) and 226(e)**

**(Against All Defendants)**

70.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

71.     At all times relevant to this Complaint, California Labor Code section 226 was in effect and provided (*inter alia*) that, upon paying and employee his or her wages, the employer must:

> furnish each of his or her employees … an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all

- 16

deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

72.     Plaintiff believes, and therefore alleges, that Defendants failed to furnish him, and all others similarly-situated, with proper and accurate itemized written statements containing (without limitation):  all the hours that Plaintiff (and others similarly-situated) worked; gross wages earned; net wages earned; total hours worked; and due and owing meal- and rest-period premiums.

73.     Plaintiff allege that Defendants' failure to furnish them with proper itemized wage statements was done knowingly and intentionally, and that he (and others similarly-situated) suffered injury thereby.  Thus, under California Labor Code section 226(e), Plaintiff (and others similarly-situated) is "entitled to recover greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) [per employee]…"

74.     Plaintiff is also entitled to, and seek on behalf of himself and all other similarly situated individuals, all reasonable attorneys' fees and costs of suit pursuant to Labor Code section 226(e).

### SEVENTH CAUSE OF ACTION

### Violation of California Business and Professions Code §§17200, *et seq.*

### (Against All Defendants)

75.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

76.     California Business and Professions Code §§17200 *et seq.* (also referred to herein as the "Unfair Business Practices Act," "Unfair Competition Law," or "UCL") prohibits unfair competition in the form of any unlawful, unfair or fraudulent business acts or practices.

CLASS ACTION COMPLAINT

Howell v. Leprino Foods, et al

77.     California Business and Professions Code §17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

78.     Labor Code §90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

79.     Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this suit, Defendants have committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint, including, but not limited to:

        a.     violations of Labor Code §204 pertaining to the payment of wages for all hours worked;

        b.     violations of Labor Code §§510 and 1194 and IWC wage orders pertaining to overtime;

        c.     violations of Labor Code §§226.7 and 512 and IWC wage orders pertaining to meal and rest periods; and

        d.     violations of Labor Code §§201-203.

80.     The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages and discouraging overtime labor underlying them, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§17200, *et seq*.

81.     The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§17200, *et seq*.  Among other things, the acts and practices have taken from Plaintiff and the Class wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

CLASS ACTION COMPLAINT
Howell v. Leprino Foods, et al

82.     Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.  Injunctive relief is necessary and appropriate to prevent Defendants from repeating their unlawful, unfair and fraudulent business acts and business practices alleged above.

83.     As a direct and proximate result of the aforementioned acts and practices, Plaintiff and Class Members have suffered a loss of money and property, in the form of unpaid wages that are due and payable to them.

84.     Business and Professions Code § 17202 provides:  "Notwithstanding Section 3369 of the Civil Code, specific or preventive relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition."  Plaintiff and Class Members are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business and Professions Code § 17202.

85.     Plaintiff's success in this action will enforce important rights affecting the public interest and in that regard Plaintiff sues on behalf of himself as well as others similarly situated. Plaintiff and the Class seeks, and are entitled to, unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

86.     Plaintiff herein takes upon himself enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing him to pay attorneys' fees from the recovery in this action.  Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

87.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.     Damages and restitution according to proof at trial for all unpaid wages, unpaid

- 19 -

1    minimum wages, unpaid overtime, and other injuries, as provided by the California Labor Code;

2           2.      For a declaratory judgment that Defendants have violated the California Labor

3    Code and public policy as alleged herein;

4           3.      For a declaratory judgment that Defendants have violated Business and Professions

5    Code §§17200 *et seq*. as a result of the aforementioned violations of the Labor Code and

6    California public policy protecting wages;

7           4.      For preliminary, permanent and mandatory injunctive relief prohibiting Defendants,

8    their officers, agents and all those acting in concert with them, from committing in the future the

9    violations of law herein alleged;

10          5.      For an equitable accounting to identify, locate and restore to all current and former

11   employees the wages they are due, with interest thereon;

12          6.      For an order awarding Plaintiff and Class Members compensatory damages,

13   including lost wages, earnings and other employee benefits and all other sums of money owed to

14   Plaintiff and Class Members, together with interest on these amounts, according to proof;

15          7.      For an order awarding Plaintiff and the Class civil penalties pursuant to the Labor

16   Code provisions cited herein and the Unfair Business Practices Act, with interest thereon.

17          8.      For an award of reasonable attorneys' fees as provided by the California Labor

18   Code; California Code of Civil Procedure § 1021.5; and/or other applicable law;

19          9.      For all costs of suit; and such other and further relief as this Court deems just and

20   proper.

        Dated:  April 24, 2018              Respectfully submitted,
                                            The Downey Law Firm


                                            Cory G. Lee
                                            *Of Counsel*
                                            Counsel for the Plaintiff and the putative class

- 20 -

CLASS ACTION COMPLAINT

Howell v. Leprino Foods, et al

1

**DEMAND FOR JURY TRIAL**

2

       Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled

3

to a jury.

4

5
                                Respectfully submitted,

6
                                The Downey Law Firm

7

8
                                Cory G. Lee
                                *Of Counsel*

9
                                Counsel for the Plaintiff and the putative class

10

Dated:  April_24, 2018

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT
Howell v. Leprino Foods, et al